UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FUND INVESTMENT 103, LLC

Plaintiff,

Case No. 26-cv-12522
Hon. Matthew F. Leitman

v.

JUNIPER BISHOPS, LLC

Defendant.

______________________________________________________________/

**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE (ECF No. 4) AND (2) DIRECTING DEFENDANT TO SHOW CAUSE WHY THE COURT SHOULD NOT REMAND THIS ACTION TO STATE COURT**

On June 30, 2026, Plaintiff Fund Investment 103, LLC filed this action against Defendant Juniper Bishops, LLC in the Oakland County Circuit Court. (*See* Compl., ECF No. 1-2.) Juniper Bishops thereafter removed the case to this Court. (*See* Notice of Removal, ECF No. 1.) On July 31, 2026, Fund Investment 103 filed a motion asking the Court to direct Juniper Bishops to show cause why this action should not be remanded to state court. (*See* Mot., ECF No. 4.) The Court **GRANTS** that motion, and for the reasons explained below, it **ORDERS** Juniper Bishops to show cause why this action should not be remanded to the Oakland County Circuit Court.

Federal courts are courts of limited jurisdiction. This Court has subject-matter jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties

of the United States" (28 U.S.C. § 1331 – "federal question jurisdiction") and (2) "all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different states" (28 U.S.C. § 1332 – "diversity jurisdiction"). The Court is obligated to consider *sua sponte* in every action whether it has subject-matter jurisdiction and to dismiss the action if it lacks such jurisdiction. *See, e.g.*, *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005); *See also* Fed. Rule Civ. Proc. 12(h)(3).

Juniper Bishops asserts that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 based on the diversity of the parties and the amount in controversy. (*See* Notice of Removal. at ¶ 6, ECF No. 1, PageID.2-3.) To properly plead diversity jurisdiction, Juniper Bishops must plead that it and Fund Investment 103 are citizens of different states and that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. For diversity purposes, limited liability companies like the parties here are citizens of each State in which one or more of their members is a citizen. *See V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010); *Trident-Allied Assocs., LLC v. Cypress Creek Assocs., LLC.*, 317 F.Supp.2d 752, 753 (E.D. Mich. 2004) ("For purposes of diversity, the citizenship of limited liability companies is the citizenship of each of its members."). "As the party requesting a federal forum, [Juniper Bishops] bears the burden of

establishing federal jurisdiction." *Sliding and Insulation Co., Inc. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 369 (6th Cir. 2014).

Based on the record now before the Court, Juniper Bishops has not established that the Court has diversity jurisdiction over this action. In its Notice of Removal, Juniper Bishops says that Fund Investment 103 is "a Michigan limited liability company with its principal place of business in Birmingham, Michigan." (Notice of Removal at ¶ 3, ECF No. 1, PageID.2.) But the Notice of Removal does not identify any members of Fund Investment 103, nor does it identify the citizenship(s) of those members. Moreover, Juniper Bishops has not identified the members of its own members, Juniper New Mexico, LLC and 11333, LLC. *See e.g.*, *V & M Star, LP*, 596 F.3d at 356 ("[B]ecause a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well"). The record is therefore insufficient to establish this Court's diversity jurisdiction. If at least one member of Fund Investment 103 and at least one member of Juniper Bishops share citizenship, diversity jurisdiction cannot exist. *See* 28 U.S.C. § 1332.

Accordingly, **IT IS HEREBY ORDERED** that Juniper Bishops shall, by no later than **August 14, 2026**, **SHOW CAUSE** in writing why this action should not be remanded to the Oakland County Circuit Court.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 31, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126